LNE
SL/USAO#2025R00534

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Criminal No. JRR 26cr135 |
| | * |
| DERRELL WASHINGTON COATES, | *   (Conspiracy to Distribute and |
| DARREN FARMER, | *   Possess with Intent to Distribute |
| a/k/a "JUJU", | *   Controlled Substances, 21 U.S.C. |
| OMAR GILLIAM, | *   § 846; Firearms Trafficking, 18 |
| KEVIN HARRIS, and | *   U.S.C. § 933(a)(1); Possession of a |
| STEPHEN OLIVER, | *   Firearm by a Prohibited Person, 18 |
| | *   U.S.C. § 922(g)(1); Forfeiture, 18 |
| | *   U.S.C. § 924(d), 21 U.S.C. § 853, 18 |
| Defendants. | *   U.S.C. § 934(a)(1), and 28 U.S.C. |
| | *   § 2461(c)) |
| | * |
| | * |
| | * |

\*\*\*\*\*

## INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges that:

From on or about August 2025, and continuing until on or about March 2026, in the District of Maryland, the Defendants,

**DERRELL WASHINGTON COATES,**
**DARREN FARMER,**
**OMAR GILLIAM,**
**KEVIN HARRIS, and**
**STEPHEN OLIVER**

did knowingly combine, conspire, confederate, and agree with one another and with persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute 28

grams or more of a substance containing a detectable amount of cocaine base, a Schedule II controlled substance, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 846

## COUNT TWO
### (Possession of Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about December 18, 2025, in the District of Maryland, the Defendant,

### STEPHEN OLIVER,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Springfield Armory, Model XDS, 9mm handgun bearing serial number S4934631, the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT THREE
### (Firearms Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about December 18, 2025, in the District of Maryland, the Defendant,

## STEPHEN OLIVER,

did ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm, to wit: a Springfield Armory, Model XDS, 9mm handgun bearing serial number S4934631 to another person in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony.

18 U.S.C. 933(a)(1)

4

## COUNT FOUR
### (Possession of Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about February 3, 2026, in the District of Maryland, the Defendant,

### STEPHEN OLIVER,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, an Astra model A-75, .40 caliber handgun bearing serial number 7238A, the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE
### (Firearms Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about February 3, 2026, in the District of Maryland, the Defendant,

## STEPHEN OLIVER,

did ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm, to wit: an Astra model A-75, .40 caliber handgun bearing serial number 7238A, to another person in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony.

18 U.S.C. 933(a)(1)

## COUNT SIX
### (Possession of Firearms by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about March 10, 2026, in the District of Maryland, the Defendant,

### OMAR GILLIAM,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms ammunition, to wit, one Taurus Arms, Model G2c, 9mm handgun bearing serial number ACM658116, and one Keltec Model Sub-2000, .40 caliber rifle bearing serial number EZE66, the firearms were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT SEVEN
### (Firearms Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about March 10, 2026, in the District of Maryland, the Defendant,

## OMAR GILLIAM,

did ship, transport, transfer, cause to be transported, or otherwise dispose of firearms, to wit: a Taurus Arms, Model G2c, 9mm handgun bearing serial number ACM658116, and a Keltec Model Sub-2000, .40 caliber rifle bearing serial number EZE66, to another person in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony.

18 U.S.C. 933(a)(1)

## COUNT EIGHT
### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about March 19, 2026, in the District of Maryland, the Defendant,

## OMAR GILLIAM,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm to wit, a Browning Hi-Power, Model 2W5, .40 caliber handgun, bearing serial number 2W5NT51293 the firearm was in and affecting interstate commerce.

18 U.S.C. § 922(g)(1)

## COUNT NINE
### (Firearms Trafficking)

The Grand Jury for the District of Maryland further charges:

On or about March 19, 2026, in the District of Maryland, the Defendant,

## OMAR GILLIAM,

did ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm, to wit: a Browning Hi-Power, Model 2W5, .40 caliber handgun, bearing serial number 2W5NT51293 to another person in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony.

18 U.S.C. 933(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 18 U.S.C. § 934(a)(1)(A) – (B), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendants' convictions under Counts One through Five of this Indictment.

### Narcotics Forfeiture

2.      Upon conviction of the offense alleged in Count One of this Indictment, the Defendants,

**DERRELL WASHINGTON COATES,**
**DARREN FARMER,**
**OMAR GILLIAM, and**
**KEVIN HARRIS,**
**STEPHEN OLIVER**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

  a.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

  b.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearms Forfeiture

3.      Upon conviction of the offense(s) alleged in Counts Two, Three, Four, Five, Six, Seven, Eight, or Nine of this Indictment, the Defendants,

11

**OMAR GILLIAM, or**
**STEPHEN OLIVER**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 934(a)(1)(A) – (B),

and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offenses.

## Property Subject to Forfeiture

6.    The property to be forfeited includes, but is not limited to:

    a.    a Springfield Armory, Model XDS, 9mm handgun bearing serial number S4934631;

    b.    a Astra model A-75, .40 caliber handgun bearing serial number 7238A;

    c.    a Taurus Arms, Model G2c, 9mm handgun bearing serial number ACM658116;

    d.    a Keltec Model Sub-2000, .40 caliber, rifle, bearing serial number EZE66; and

    e.    a Browning Hi-Power, Model 2W5, .40 caliber handgun, bearing serial number 2W5NT51293.

## Substitute Assets

7.    If, as a result of any act or omission of any Defendant, any of the property

described above as being subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided

        without difficulty,

12

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 934(a)(1)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

04/16/2026

Date

13